## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARK E WIATT AND PEGGY E WIATT, his wife,

     Plaintiffs/Counterdefendant/Third-Party
        Plaintiff,

vs.                                              No. CIV 07-526 JB/KBM

STATE FARM INSURANCE COMPANIES,

        Defendant/Counterclaimant,

vs.

ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY,

        Third-Party Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Putative Third-Party Defendants' Motion to Dismiss, filed June 4, 2007 (Doc. 4)("Motion to Dismiss"); (ii) the Motion to Allow Special Appearance of Petitioners' Attorney, and Motion to Remand Back to State Court, filed June 15, 2007 (Doc. 5)("Motion to Remand"); and (iii) the Putative Third-Party Defendants' Motion for Leave to File Surreply to Plaintiffs' Motion for Remand, filed July 13, 2007 (Doc. 12)("Motion for Surreply"). The Court held a hearing on these motions on July 20, 2007. The primary issues are: (i) whether the Court should permit Plaintiffs Mark and Peggy Wiatt to be heard in federal court through their attorney, Martin H. Poel, who is not a member of the federal bar; and (ii) whether the Court should remand this case to the Third Judicial District, County of Dona Ana, State of New Mexico. Because Mr. Poel qualifies for a temporary waiver of membership, the Court will allow him to represent the Wiatts before the Court. Because this case does not meet the $75,000.00

amount-in-controversy threshold necessary for diversity jurisdiction, the Court will remand this case to state court.

## FACTUAL BACKGROUND

On April 10, 2005, the Wiatts sold their house in Truth or Consequences, New Mexico, to James and Rita Timperman.  See Notice of Removal, filed May 25, 2007 (Doc. 1), Exhibit A, Action for Declaratory Judgment (3rd N.M. Jud. Dist.) at 1-2; Exhibit A, Defendant's Answer and Counterclaim to Petitioner's Action for Declaratory Judgment (3rd N.M. Jud. Dist.) at 2 ("Counterclaim").  In 2006, after the Timpermans moved in, there was a problem with the septic system that caused damage to the house.  See Action for Declaratory Judgment at 2.  State Farm alleges that it paid the Timpermans $8,572.66 to settle their claim concerning damage to the house and that the Timpermans paid a $500.00 deductible.  See id. at 2; Counterclaim at 3.

An inspection of the house was performed before it was sold to the Timpermans.  See Action for Declaratory Judgment at 3; Counterclaim at 2-3, Exhibit A, Letter from Howard Bartoo to Randal Roberts (dated April 26, 2006)("April 26, 2006 Letter").  There is an apparent factual dispute whether that inspection revealed a problem with the septic system.  See Counterclaim at 2-3; April 26, 2006 Letter.  There is also an apparent factual dispute whether the inspector of the septic system notified the Wiatts of the problem.  See Counterclaim at 2-3; April 26, 2006 Letter; Motion to Dismiss at 1-2.  Further, there is an apparent factual dispute whether the Wiatts promised to fix the problem and/or disclose it to the Timpermans.  See Counterclaim at 2-3; April 26, 2006 Letter; Motion to Dismiss at 1-2.

Mr. Poel represents that he graduated from the University of New Mexico School of Law, and that he is admitted to the New Mexico State Bar.  See Motion to Remand at 1.  Mr. Poel also represents that he has applied to the Federal Bar so that he may be heard in federal court.  See id.

Mr. Poel submits that, before this case, he never expected to appear in federal court.  See id.

The Wiatts are residents of the State of New Mexico, and Allstate and State Farm are Illinois corporations with their respective principal places of business in Illinois.  See Notice of Removal at 2-3; Action for Declaratory Judgment at 1.

**PROCEDURAL BACKGROUND**

On March 9, 2007, the Wiatts filed a declaratory judgment action against State Farm in the State of New Mexico's Third Judicial District Court, County of Dona Ana.  See Action for Declaratory Judgment at 1.  The Wiatts filed the action seeking a declaration that they are not liable to State Farm for the expenditures it made to the Timpermans for the damage the septic system caused to the house.  See id. at 3-4.  State Farm counterclaimed for its expenditures.  See Counterclaim at 2-3.  Thereafter, the Wiatts filed their Third-Party Complaint against Allstate, which had provided them with homeowner's insurance during their ownership of the property at issue.  See Notice of Removal, Exhibit A, Third Party Complaint at 1.

The Wiatts, as Counterdefendants, assert that Allstate insured them against the claim State Farm brings against them in its counterclaim.  See Third Party Complaint ¶¶ 3-5, at 1-2.  They also assert that Allstate may be liable to them in the event that State Farm prevails on its subrogation claim.  See id. ¶ 5, at 2.  The Wiatts allege that Allstate is contractually obligated to defend them against State Farm's lawsuit.  See id. ¶ 37, at 6.  They represent that Allstate has refused to provide them with a defense.  See id. ¶ 38, at 6.  The Wiatts argue that Allstate has thus breached its contract with them by failing to investigate State Farm's claims against them and/or defend them.  See id. ¶¶ 38-39, at 6.  Further, they contend that Allstate, in allegedly failing to defend or indemnify them, has behaved in bad faith and in a manner that violates the New Mexico Insurance Code.  See id. ¶¶ 41, 48, 50-52, at 6-7.

-3-

On May 25, 2007, purportedly pursuant to 28 U.S.C. §§ 1441(b) and 1446, Allstate removed this case to federal court. <u>See</u> Notice of Removal. In its Notice of Removal, Allstate identifies the Wiatts' claims against it as "breach of contract, insurance bad faith, and insurance code violations." <u>Id.</u> at 2. Allstate also states that diversity of citizenship among the parties and the amount in controversy provides the federal courts with subject-matter jurisdiction to hear the case. <u>See</u> <u>id.</u> Allstate submits that, upon information and belief, the amount in controversy in this case, excluding interest and costs, exceeds $75,000.00. Allstate notes that, in addition to compensatory damages, the Wiatts seek "damages arising under NMSA § 59A-16-20 (2007), punitive damages, and attorneys fees." <u>Id.</u> In its Notice of Removal, Allstate does not assert that it has secured State Farm's consent to removal. <u>See</u> Notice of Removal.

After removing the case to federal court, Allstate filed a motion to dismiss, rather than an answer to, the Wiatts' Third Party Complaint. <u>See</u> Motion to Dismiss at 1. Allstate filed its motion on June 4, 2007. <u>See</u> <u>id.</u> Pursuant to local civil rule 7.6(a) of the United States District Court for the District of New Mexico, the Wiatts' response in opposition was due, allowing three days for mailing, on June 21, 2007. As of July 12, 2007, the Plaintiffs had not filed a response. On July 12, 2007, Allstate notified the Court that briefing on the Putative Third-Party Defendants' Motion to Dismiss was complete. <u>See</u> Notice of Completion, filed July 12, 2007 (Doc. 10).

On June 15, 2007, the Wiatts moved the Court both to allow Mr. Poel to represent them before it and to remand this case to New Mexico state court. <u>See</u> Motion to Remand at 1. Specifically, in their Motion to Allow Special Appearance of Petitioners' Attorney, and Motion to Remand Back to State Court, Mr. Poel, pursuant to local civil rules 83.2(e) and 83.4(c), requests temporary admission to the Federal Bar for the limited purpose of contesting federal jurisdiction, and the Wiatts, pursuant to 28 U.S.C. § 1447(c), request that the case be remanded. <u>See</u> <u>id.</u> at 1.

-4-

The Wiatts also seek attorney's fees and costs under § 1447(c).  See id. at 3.  The Clerk of the Court has notified the Court that Mr. Poel has provided a check in the amount of $15.00, rather than the Court's fee of $150.00, to cover his admission fee to Federal Court.

Allstate responded to the Wiatts' remand request on June 22, 2007.  See Allstate's Response to Plaintiffs' Motion for Remand (Doc. 5), filed June 22, 2007 (Doc. 6).  In its response, Allstate contends that it has been "miscast" as a third-party defendant and that, as a result, the authority the Wiatts cite in support of their request for remand is not pertinent.  Id. at 1.  Allstate also attaches to its response the affidavit of Randal W. Roberts, counsel for State Farm.  See id., Exhibit A, Affidavit of Randal W. Roberts, Esq. (executed June 21, 2007)("Roberts Affidavit").  In that affidavit, Mr. Roberts states that, at all material times, he was retained as legal counsel for State Farm in this case. See Roberts Affidavit ¶ 1, at 1.  Mr. Roberts certifies that Allstate's counsel, Mr. Harwood, conferred with him before filing the notice of removal in this action and that State Farm consented to removal.  See id. ¶ 2, at 1.

Allstate notified the Court that briefing on the Wiatts' motion to remand was complete on July 12, 2007.  See Notice of Completion, filed July 12, 2007 (Doc. 11).  As of July 12, 2007, the Wiatts had not filed a reply to Allstate's response in opposition to their remand request.  Allstate contends that a reply from the Wiatts was, allowing three days for mailing, due on July 9, 2007.  See id. at 1.

On July 13, 2007, Allstate requested permission to file a surreply on the motion to remand. See Motion for Surreply.  In its motion for leave to file a surreply, Allstate notes that the Wiatts filed an untimely reply.  See id. at 1.  Allstate requests that, in the event the Court decides to consider the Wiatts' reply, the Court also grant it permission to address the newly raised contention that it is a proper third-party defendant under rule 14(b).  See id.

**LOCAL RULE 7.6(b)**

Under local civil rule 7.6(b), "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.6(b).  See Weinstein v. U.S. Air Force, 468 F. Supp. 2d 1366, 1371 (D.N.M. 2006)(Parker, J.)("Considering that [p]laintiffs' supplemental response is actually a surreply, the Court notes that the [p]laintiffs filed the supplemental response without permission of the Court, thereby making it untimely and inappropriate.")(citing D.N.M.LR-Civ. 7.6(b)); Shattuck v. Lucero, No. CV:04-1287, 2005 WL 2295555, at **1-2 (D.N.M. August 8, 2005)(Browning, J.)(applying local rule 7.6(b) and granting leave to file a surreply); K.L. ex rel. Dixon v. Valdez, 167 F.R.D. 688, 694 (D.N.M.1996)(Black, J.)(striking a "third response" as an unauthorized surreply in violation of local rule 7.6(b)).

**ADMINISTRATIVE ORDER NO. MISC. 92-88**

On May 4, 1992, the Chief United States District Judge for the District of New Mexico entered an Administrative Order in In the Matter of Separate and Docketing of Motions and Responsive Pleadings, No. Misc. 92-88, filed May 4, 1992.  The Administrative Order states:

> This matter is before the Court sua sponte, the Court finding that the automated docketing system requires entry of all motions and responsive pleadings in a manner permitting subsequent "linking" of each such pleading to an order of the Court addressing or adjudicating the matters raised in each pleading;
>
> **WHEREAS** the filing of multiple-purpose or compound pleadings, being pleadings that raise several matters for adjudication in a single document, presents difficulties as regards the automated tracking of such pleadings;
>
> **IT IS NOW THEREFORE ORDERED** that all practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.  Provided, however, that nothing herein shall be interpreted as prohibiting pleading in the alternative as otherwise allowed by applicable rule or statute, as in the case of a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) that may, in the alternative, be pleaded as a motion for summary judgment;

**IT IS FURTHER ORDERED** that all practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made;

**IT IS FURTHER ORDERED** that all pleadings filed with the Clerk of the Court shall include in the caption title a clear identification of the matter raised and, in the case of responsive pleadings, a clear identification of the pleading, including the filing date thereof, to which a response is made.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall cause to be delivered to each enrolled member of the bar for the United States District Court, District of New Mexico, a copy of this Administrative Order.

In the Matter of Separate and Docketing of Motions and Responsive Pleadings, No. Misc. 92-88 (D.N.M. May 4, 1992).

## LOCAL RULE 83.2(e)

Pursuant to local civil rule 83.2(e), "[a]n eligible attorney who has applied for membership, but has not yet been admitted, may seek leave of the Court to represent a party in a specific action." D.N.M.LR-Civ. 83.2(e).  "To become a member of the Federal Bar, an attorney must: [i] be a member in good standing of the State Bar of New Mexico; [ii] complete the application form available from the Clerk; [iii] pay the admission fee to the Clerk; and [iv] take the prescribed oath." D.N.M.LR-Civ. 83.2(a).

## RULE 14

Rule 14(a) allows a defendant, as a third-party plaintiff, to bring a claim against a person not a party to the action "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).  The defendant/third-party plaintiff must allege derivative liability against the third-party defendant.  See Lopez de Robinson v. United States, 162 F.R.D. 256, 258 (D.P.R. 1995).  A first-party defendant/third-party plaintiff may not bring a third-party defendant into a lawsuit merely on the grounds that he is liable to the

plaintiff.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368 n.3 (1978). A defendant

may assert a third-party claim under Rule 14(a) "only when the third party's liability is in some way

dependent on the outcome of the main claim or when the third party is secondarily liable to

defendant.  If the claim is separate or independent from the main action, impleader will be denied."

F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3rd Cir. 1994)(quoting C. Wright, A. Miller, M. Kane,

Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990)).

        An original plaintiff is not deemed to be an opposing party to a third-party defendant unless

the plaintiff elects to assert claims directly against the third-party defendant.  See Lindquist v.

Quinones, 79 F.R.D. 158, 161 (D.V.I. 1978).  Rule 14(b) permits a plaintiff, if the plaintiff is the

subject of a counterclaim, to bring in a third party under circumstances which would entitle a

defendant to do so.  See Fed. R. Civ. P. 14(b).  Rule 14(b) thus allows an original plaintiff/counter-

defendant to bring in as a third-party defendant a person not a party to the action who may be liable

to him for all or part of the first-party defendant/third-party plaintiff's claim against him.  See id.

## RELEVANT LAW REGARDING REMOVAL

        Under 28 U.S.C. § 1441(b),

> [a]ny civil action of which the district courts have original jurisdiction founded on
> a claim or right arising under the Constitution, treaties, or law of the United States
> shall be removable without regard to the citizenship or residence of the parties.  Any
> other such action shall be removable only if none of the parties in interest properly
> joined and served as defendants is a citizen of the State in which such action is
> brought.

28 U.S.C. § 1441(b).  There is a presumption against removal jurisdiction.  See Laughlin v. Kmart

Corp., 50 F.3d 871, 873 (10th Cir. 1995).  Moreover, "[i]t is well-established that statutes conferring

jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed

in light of [their] constitutional role as limited tribunals."  Pritchett v. Office Depot, Inc., 420 F.3d

1090, 1094-95 (10th Cir. 2005).  Federal courts, therefore, are to strictly construe the removal

statutes and to resolve all doubts against removal.  See Fajen v. Found. Reserve Ins. Co., 683 F.2d

331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements

for federal jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

      For removal to be proper, federal district courts must have "original jurisdiction" over the

action sought to be removed.  28 U.S.C. § 1441(b).  A federal district court has original jurisdiction

if Article III's justiciability requirements are met, see Lee v. American Nat'l Ins. Co., 260 F.3d 997,

1002-05 (9th Cir. 2001), cert. denied, 535 U.S. 928 (2002), and the case involves a federal question

or diversity of citizenship, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  A court has

diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants,

and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a).

      "The amount in controversy is ordinarily determined by the allegations of the complaint,

or, where they are not dispositive, by the allegations in the notice of removal."  Laughlin v. Kmart

Corp. 50 F.3d at 873.  "The burden is on the party requesting removal to set forth, in the notice of

removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds

[$75,000.00]."  Id. (internal quotations and citations omitted).  When the plaintiff's damages are

unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount

by at least a preponderance of the evidence.  See Martin v. Franklin Capital Corp., 251 F.3d at 1290.

      In determining whether the amount in controversy exceeds $75,000.00, a court may

aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed penalties.  See

Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1217-18 (10th Cir. 2003).  Costs

and interest, however, are excluded.  See 28 U.S.C. § 1332(a).  Punitive damages may be considered

if they are recoverable as a matter of governing substantive law and the plaintiff presents some

factual evidence of entitlement to punitive damages.  See Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994); Klepper v. First American Bank, 916 F.2d 337, 341 (6th Cir. 1990); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 976 (D. Kan. 1992).  Attorney's fees may be considered if a contract provides for them or if a statute mandates or allows their payment.  See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998); Building Erection Serv. Co. v. Ceco Corp., 760 F. Supp. 188, 189 (D. Kan. 1991).  Statutorily imposed penalties and damages may also be considered in assessing whether the amount-in-controversy threshold has been met.  See St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

To remove a civil action, the defendant must also follow certain statutory procedures.  See 28 U.S.C. § 1446.  Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3rd Cir. 1985). Pursuant to 28 U.S.C. § 1446(a),

> [a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  28 U.S.C. § 1446(a) has been interpreted as requiring all defendants to join in a removal petition.  See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)(citing 28 U.S.C. § 1446(a) and Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245, 248 (1900)); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034-35 (10th Cir. 1998); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."); J. Moore, Moore's Federal Practice, § 107.11[1][c], at 107-36-37 (3rd ed. 2006)("Because the right of removal is jointly held by all the

defendants, the failure of one defendant to join in the notice precludes removal. This rule requires that there be some timely written indication from each served defendant . . . that the defendant has actually consented to removal.").

With respect to third-party defendants, courts take various views on whether they may remove cases. See NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d 1237, 1239 (D. Col. 2006)(citing Monmouth-Ocean Collection Serv., Inc. v. Klor, 46 F. Supp. 2d 385 (D.N.J. 1999)). 28 U.S.C. § 1441(a) permits the removal of a civil action of which the district courts of the United States have original jurisdiction "by the defendant or the defendants." The majority view is that third-party defendants are not "defendants" within the meaning of § 1441(a). See First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 461-62 (6th Cir. 2002); J. Moore, supra, § 107.11[1][b][iv], at 107-34-35 ("[T]hird-party defendants are not defendants within the meaning of the removal statute.")(emphasis in original). Other justifications for opposing third-party defendant removal are that it would force a plaintiff to litigate in a federal court that he did not choose and to which his adversary originally could not have removed, and that allowing removal would expand jurisdiction of federal courts in contravention of the strictly construed statutory limits on the right to removal. See NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239. Proponents of third-party removal, however, assert that the term "defendant" under § 1441(a) does not necessarily exclude third-party defendants, who, like other defendants, have been brought into court involuntarily and may have an interest in having a federal forum. See id.

Removal by third-party defendants is often attempted under 28 U.S.C. § 1441(c). See, e.g., NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239-40; Radio Shack Franchise Dep't v. Williams, 804 F. Supp. 151, 152-53 (D. Kan. 1992). 28 U.S.C. § 1441(c) currently provides:

Whenever a separate and independent claim or cause of action within the jurisdiction

-11-

> conferred by section 1331 of this title is joined with one or more otherwise non-
> removable claims or causes of action, the entire case may be removed and the district
> court may determine all issues therein, or, in its discretion, may remand all matters
> in which State law predominates.

28 U.S.C. § 1441(c).  In 1990, Congress amended this statute to substitute the phrase "within the
jurisdiction conferred by section 1331 of this title" for "which would be removable if sued upon
alone."  28 U.S.C. § 1441, 1990 Amendments.  28 U.S.C. § 1331 provides federal question
jurisdiction.  Section 1441(c) in its current form, therefore, applies only to situations in which a
federal law claim is joined to one or more non-removable claims; it does not apply to cases in which
removal is based solely on diversity jurisdiction.  See First Nat. Bank of Pulaski v. Curry, 301 F.3d
at 467.

Sister districts within the United States Court of Appeals for the Tenth Circuit have routinely
held that third-party defendants that a defendant/third-party plaintiff impleads may not remove
cases.  See NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1239-40; Menninger Clinic Inc. v.
Schilly, No. 92-4104, 1992 WL 373927, at *1-2 (D. Kan. November 23, 1992); Radio Shack
Franchise Dep't v. Williams, 804 F. Supp. at 152-53; Elkhart Co-op Equity Exch. v. Day, 716 F.
Supp. 1384, 1385, 1387 (D. Kan. 1989)(cross-claim).  These cases, however, involved the
application of 28 U.S.C. § 1441(c) and not a plaintiff/counter-defendant impleading the third-party
defendant under Rule 14(b).  Arguably, some of the rationales for opposing third-party defendant
removal may not apply where the plaintiff impleads a third-party defendant, because the plaintiff
is the party permissively joining the third-party defendant, and in this scenario, the third-party
defendant is more like a traditional defendant -- a party antagonistic to the plaintiff.  See J. Moore,
supra, § 107.11[1][b][iv], at 107-34-35 ("The better view . . . is that third-party claims are not
removable, because only a party defending against claims asserted by a plaintiff ought to be able to

remove."). At least one court, however, has held that a third-party defendant a plaintiff/counter-defendant impleads cannot remove, because the third-party defendant is not a defendant within the meaning of § 1441.  See Garnas v. American Farm Equip. Co., 502 F. Supp. 349, 351 n.7 (D.N.D. 1980)(based on pre-1990 amendment to section 1441(c)).

The Tenth Circuit has not spoken definitively on the propriety of third-party removal.  See NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d at 1240.  It is therefore an open question in this circuit whether a third-party defendant, who the plaintiff impleaded, may remove a case.

## LAW REGARDING REMAND

28 U.S.C. § 1447 governs remand after removal.  Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State may thereupon proceed with such case.

28 U.S.C. § 1447(a).  See Miller v. Lambeth, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory provision[] governing remands of cases removed to federal court [is] 28 U.S.C. § 1447(c). . . ."); RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 WL 617690, at *4 (10th Cir. 1999)(applying 28 U.S.C. § 1447(a)).

## ANALYSIS

The Court's principal task is to determine whether the Court has jurisdiction over this case.  The Wiatts raise the jurisdictional question in their Motion to Allow Special Appearance of Petitioners' Attorney, and Motion to Remand Back to State Court.  Because the Wiatts raised the jurisdictional issue in a motion that an attorney who has not yet been admitted to practice before the

Federal Bar filed, the Court will first determine whether it will permit Mr. Poel to practice before the Court.  The Court notes, however, that it has a duty to determine whether subject-matter jurisdiction exists <u>sua</u> <u>sponte</u>, even if the parties fail to raise a question of lack of jurisdiction properly.  <u>See</u> <u>Tuck v. United Servs. Auto. Ass'n</u>, 859 F.2d 842, 844 (10th Cir. 1988).

After considering the briefs, arguments of counsel, and the applicable law, the Court will allow Mr. Poel to practice law before the Court for the limited purpose of contesting federal jurisdiction.  The Court also concludes that Allstate has not satisfied its burden of establishing the requisite amount in controversy, and thus, the Court will remand the case back to state court.

## I.   THE COURT WILL ALLOW MR. POEL TO PRACTICE LAW BEFORE THE <u>COURT.</u>

Mr. Poel violated Administrative Order 92-88 by failing to file his request to allow his special appearance for the limited purpose of contesting federal jurisdiction separate from his motion to remand.  Allstate, however, has not objected to this deficiency.  Moreover, there does not appear to have been a problem linking the motion to Allstate's responsive briefs.  The Court will therefore overlook Mr. Poel's violation of Administrative Order 92-88 and consider Mr. Poel's Motion to Allow Special Appearance of Petitioners' Attorney and Motion to Remand Back to State Court.

With respect to Mr. Poel's request to practice before the Court, Mr. Poel avers that he is not a member of the Federal Bar because he had no prior expectation of appearing in federal court. Upon Allstate's removal of this case to federal court, Mr. Poel applied to the Federal Bar.  Given that Mr. Poel has applied for membership to the Federal Bar, is admitted to the New Mexico State Bar, and has sought leave of the Court to represent the Wiatts in this particular case, and noting that Allstate does not object to Mr. Poel's representation, the Court will permit Mr. Poel to represent the Wiatts for the limited purpose of contesting federal jurisdiction.

**II.    ALLSTATE DID NOT COMPLY WITH THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL.**

Allstate, a purported third-party defendant, has removed the case based on diversity of citizenship.  Whether a third-party defendant that the plaintiff/counter-defendant impleads may remove an action is an open question in the Tenth Circuit.  See <u>NCO Fin. Sys., Inc. v. Yari</u>, 422 F. Supp. 2d at 1240 (noting that the Tenth Circuit has not spoken definitively on the propriety of third-party removal, likely owing to the statutory limit on appellate review of decisions to remand).  The Court, however, need not resolve this issue, because assuming, without deciding, that a third-party defendant impleaded under rule 14(b) may attempt removal, Allstate has not met its burden to establish the Court's diversity jurisdiction over the claims against it.  The Court will therefore remand the case to state court.

The allegations of the complaint or, if they are not dispositive, the allegations in the notice of removal, generally determine the amount in controversy.  See <u>Laughlin v. Kmart Corp.</u>, 50 F.3d at 873.  In their Third Party Complaint, the Wiatts seek reimbursement from Allstate for any liability they may incur from State Farm's counterclaim.  See Third Party Complaint ¶ 35, at 5-6.  State Farm has demanded payment from the Wiatts in the amount of $9,072.66.  <u>See id.</u> ¶ 15, at 3.  This amount, which is less than the requisite amount in controversy necessary for diversity jurisdiction, is the only specific amount alleged in the Third Party Complaint.  Allstate nevertheless asserts that the Wiatts also allege damages under NMSA § 59A-16-20, punitive damages, and attorney's fees.  See Third Party Complaint ¶¶ 39, 51, 53, at 6-7.  While the Court may aggregate such damages, the Third Party Complaint does not provide any other details that shed light on the specific amount of damages asserted, such as the anticipated cost of providing a defense or a reasonable estimate of attorney's fees.  It is therefore not clear from the face of the Third Party Complaint that the amount in

controversy exceeds $75,000.00.

The Notice of Removal is similarly deficient.  Allstate has not set forth any particular facts in the Notice of Removal to enable the Court to find by a preponderance of the evidence that the amount of aggregate damages exceeds the jurisdictional amount.  Given that there is a presumption against removal jurisdiction, that uncertainties as to jurisdiction are resolved in favor of remand, that the Third Party Complaint and Notice of Removal do not set forth sufficiently specific underlying facts to establish the minimum jurisdictional amount proven by a preponderance of the evidence, and that, at the hearing, the Wiatts stipulated that they were not seeking more than $75,000.00, see Transcript of Hearing at 27:13-20 (Poel)(taken July 20, 2007)("Transcript"),[1] the Court will grant the Wiatts' Motion to Remand. see Varela v. Wal-Mart Stores, E., Inc., 86 F. Supp. 2d 1109, 1111-12 (D.N.M. 2000)(Baldock, J.)(holding that defendant did not meet burden of establishing that plaintiff's recovery would exceed $75,000.00, because plaintiff had incurred medical expenses of only $3,000.00 and defendant provided court with no underlying facts to establish the amount of additional damages for pain and suffering, permanent damages, and loss of enjoyment of life).[2]

## III.   THE WIATTS ARE ENTITLED TO THEIR COSTS AND FEES IN PREPARING AND ARGUING THEIR MOTION TO REMAND.

In their Motion to Remand, the Wiatts also request an award of attorney's fees and costs under 28 U.S.C. § 1447(c).  Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and or/line numbers.

[2] Because the Court finds that it lacks subject-matter jurisdiction, it need not consider the Wiatts' additional procedural argument that the case must be remanded because Allstate failed to secure the consent of all defendants.

incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); Huber-Happy v. Rankin, No. 06-3356, 2007 WL 1168849, at *1 (10th Cir. April 20, 2007)(finding removal objectively unreasonable); Sisneros v. Wilson, No. CV 06-1019, 2006 WL 4079682, at *8 (D.N.M. November 30, 2006)(Browning, J.)(applying the Martin Court's objectively reasonable test).  The Court finds that this case presents those unusual circumstances in which fees should be awarded.  The only specific damages asserted in the Third Party Complaint are compensatory damages of $9,072.66, well shy of the minimum jurisdictional amount.  Although the Court may aggregate compensatory, statutory and punitive damages with attorney's fees, Allstate offered no specific factual support for its assertion that the amount in controversy exceeded $75,000.00.  Moreover, when Allstate removed the case, it did not realize that a plaintiff/counterdefendant could file a third-party complaint, thus treating itself as a defendant and overlooking many of the issues its removal raised.  See Transcript at 6:13-7:5 (Harwood).  There was no objectively reasonable basis for removal in this case.  Given that the Court has permitted Mr. Poel to practice in federal court for the limited purpose of contesting federal jurisdiction, and given that Allstate had no objectively reasonable basis for asserting diversity jurisdiction in this case, the Court will grant the Wiatts' request for attorney's fees and costs under 28 U.S.C. § 1447(c).

**IV.     GIVEN THAT THE COURT LACKS JURISDICTION OVER THE CASE, THE COURT CANNOT CONSIDER ALLSTATE'S MOTION TO DISMISS AND WILL DENY ALLSTATE'S MOTION FOR SURREPLY.**

The Court's lack of subject-matter jurisdiction over the case precludes it from ruling on Allstate's motion to dismiss.  The Court will therefore remand the case back to state court without considering Allstate's substantive motion.

Finally, Allstate filed a Motion for Surreply for permission to address the Wiatts' newly-raised contention that Allstate is a proper third-party defendant under Rule 14(b).  Given the Court's ruling that the case must be remanded for lack of jurisdiction, the Court will not consider the issue as to whether Allstate is a proper third-party defendant and will deny Allstate's Motion for Surreply.

**IT IS ORDERED** that the Putative Third-Party Defendants' Motion for Leave to File Surreply to Plaintiffs' Motion for Remand is denied, that the Plaintiffs' Motion to Allow Special Appearance of Petitioners' Attorney, and Motion to Remand Back to State Court is granted, and that the Putative Third-Party Defendants' Motion for Leave to File Surreply to Plaintiffs' Motion for Remand is denied.  The Court will remand this case to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Mark E. Wiatt
Peggy E. Wiatt

-- and --

Martin H. Poel
Las Cruces, New Mexico

> *Plaintiffs and their counsel*

Randal W. Roberts
Albuquerque, New Mexico

> *Attorney for Defendant State Farm Insurance Company*

Ripley B. Harwood
Ripley B. Harwood, P.C.
Albuquerque, New Mexico

*Attorney for Putative Third-Party Defendants*
  *Allstate Insurance Company and Allstate Indemnity*
  *Company*