IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK E. WIATT AND PEGGY E. WIATT, his wife,

       Plaintiffs/Counterdefendants/Third-Party
           Plaintiffs,

vs.                                            No. CIV 07-0526 JB/KBM

STATE FARM INSURANCE COMPANIES,

       Defendant/Counterclaimant,

vs.

ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY,

       Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Tax Costs, filed August 15, 2007 (Doc. 20)("Motion"). The Court held a hearing on March 25, 2008. The primary issue is whether the Court should tax costs of $107.12 for the Plaintiffs' counsel to travel to Albuquerque, New Mexico, for a hearing on the motion to remand. Because Defendants Allstate Insurance Company and Allstate Indemnity Company did not respond to this motion, and because Dr. Martin H. Poel's travel expenses to Albuquerque were reasonable and necessary to prosecute the motion and to attend the Court's hearing, the Court will award the Plaintiffs their costs in prosecuting the motion to remand.

## PROCEDURAL BACKGROUND

On August 6, 2007, the Court awarded the Plaintiffs, pursuant to 28 U.S.C. § 1447(c), their costs and attorney's fees for preparing and arguing their motion to remand, and ordered Allstate to

pay the fees and costs that the Plaintiffs incurred.  See Memorandum Opinion and Order at 16-17, filed August 6, 2007 (Doc. 17).  On August 15, 2007, the Plaintiffs filed their Motion to Tax Costs in the amount of $107.12.  See Motion.  The Plaintiffs move the Court, pursuant to D.N.M. LR-Civ. 7 and 54.1, to tax costs for preparing and arguing their motion to remand.  See Motion at 1.

Pursuant to D.N.M. LR-Civ. 7 and 54.1, the Plaintiffs have attached to their motion their time and cost records for Dr. Poel, showing the expenses to prepare and argue their motion to remand.  See Motion, Time Sheet for Martin H. Poel, D.M.D., J.D. (dated August 12, 2007)("Time Sheet") at 1 (Doc. 20-2).  Also pursuant to D.N.M. LR-Civ. 7 and 54.1, the Plaintiffs have attached an affidavit of Dr. Poel, verifying the time and cost records for him to prepare and argue their motion to remand.  See Motion, Affidavit of Martin H. Poel (executed August 13, 2007)(Doc. 20-3).  The Plaintiffs pray that the Court require Allstate Insurance Company/Allstate Indemnity Company ("Allstate") to pay Dr. Poel $107.12.

Pursuant to D.N.M. LR-Civ. 7.6, Allstate's response was due on August 29, 2007.  See D.N.M. LR-Civ. 7.6 (stating "[a] response must be served within fourteen (14) calendar days after service of the motion.").  While Allstate filed a response on August 24, 2007, the response was limited to a response to the Plaintiffs' Motion to Tax Attorney Fees.  See Putative Third-Party Defendant's Response to Motion to Tax Fees and Costs (Doc. 21), filed August 24, 2007 (Doc. 26). Although Allstate titled its motion "Response to Motion to Tax Fees and Costs," its response is limited to objections regarding Dr. Poel's billing entries.  Id. at 1-2.  When the Plaintiffs attempted to secure Allstate's concurrence on an order for Allstate to pay $107.12 in costs, Allstate declined to concur.  See Notice of Completion of Briefing, filed September 1, 2007 (Doc. 27), E-mail from Rip Harwood to Dr. Poel at 1 (dated August 30, 2007)("You do not have my concurrence for filing

any of this with the court.")(Doc. 27-2).  On September 1, 2007, the Plaintiffs filed, pursuant to D.N.M. LR-Civ. 7.1(b) and 7.3(b), a Notice of Completion of Briefing.  See Doc. 27.

## ANALYSIS

Allstate's response cannot fairly be considered a response to the motion to tax costs.  To do so would be to find that Allstate failed to comply with Administrative Order No. 92-88 by attempting to file a multipurpose pleading.  See Administrative Order No. 92-88, available at http://www.nmcourt.fed.us/web/DCDOCS/files/adminorders.html (stating, "all practitioners before the Court shall henceforth submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.").  Moreover, such a reading would require the Court to ignore that Allstate specified in its heading that the response is limited to "Doc. 21," which is the Plaintiffs' motion to tax attorney fees.  Doc. 26 at 1.

Accordingly, Allstate has failed to respond to the Plaintiffs' motion to tax costs.  Allstate therefore has consented, pursuant to D.N.M. LR-Civ. 7.1(b), to the motion to tax costs.  See D.N.M. LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  The Court could proceed to grant the motion as unopposed.  Nevertheless, the Court has also reviewed the merits of the motion, and concludes that the motion should also be granted on its merits.

While the Plaintiffs do not make it clear in their motion for what they seek costs, a review of the fee statement indicates that the costs to date have been $100.00 for travel -- gas and mileage. See Time Sheet at 1.  New Mexico gross receipts tax is 7.125%.  See id.  The Court thus assumes that these travel expenses and taxes thereon constitute the costs the Plaintiffs seek in their motion.

The Court need not decide whether gas, mileage, and taxes thereon are taxable costs under the statutes and local rules.  They are, at a minimum, expenses that the Plaintiffs should receive under 28 U.S.C. § 1447(c) as fees, expenses, or costs.  See 28 U.S.C. § 1447(c) (stating, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  Moreover, given that the distance between Las Cruces and Albuquerque is approximately 225 miles, for a total of $450.00 miles traveled, and given the high price of gasoline in the last six months, the claimed expenses are reasonable.

**IT IS ORDERED** that the Plaintiffs' Motion to Tax Costs is granted.  Allstate shall pay the Petitioners $107.12 in costs.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Martin H. Poel
Las Cruces, New Mexico

> *Attorney for the Plaintiffs*

Randal W. Roberts
Albuquerque, New Mexico

> *Attorney for Defendant State Farm
>   Insurance Company*

Ripley B. Harwood
Ripley B. Harwood, P.C.
Albuquerque, New Mexico

> *Attorney for Third-Party Defendants
>   Allstate Insurance Company and*

*Allstate Indemnity Company*

*Allstate Indemnity Company*