**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARK E. WIATT AND PEGGY E. WIATT, his wife,

       Plaintiffs/Counterdefendants/Third-Party
           Plaintiffs,

vs.                                                                                                  No. CIV 07-0526 JB/KBM

STATE FARM INSURANCE COMPANIES,

       Defendant/Counterclaimant,

vs.

ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY,

       Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Tax Attorney's Fees, filed August 15, 2007 (Doc. 21)("Motion"). The primary issue is whether the Court should order Third-Party Defendants Allstate Insurance Company and Allstate Indemnity Company to pay the Plaintiffs $5,190.20 in attorney's fees for responding to Allstate's removal of their case to federal court. Because the fees that the Plaintiffs incurred appear to have been necessary and reasonable, the Court will grant the motion.

**PROCEDURAL BACKGROUND**

On August 6, 2007, the Court awarded the Plaintiffs, pursuant to 28 U.S.C. § 1447(c), their costs and attorney's fees for preparing and arguing their motion to remand. See Memorandum Opinion and Order at 17, filed August 6, 2007 (Doc. 17). The Court ordered Allstate to pay attorney fees and costs that the Plaintiffs incurred in responding to Allstate's removal of this case to federal

court.  See id.  On August 15, 2007, the Plaintiffs filed their motion to tax attorney's fees.  See Motion at 1.

The Plaintiffs move the Court, pursuant to D.N.M. LR-Civ. 7 and 54.5, to tax attorney's fees for preparing and arguing their motion to remand.  See id.  Pursuant to D.N.M. LR-Civ. 7 and 54.5, the Plaintiffs have attached the time and cost records for their attorney, Dr. Martin H. Poel, to prepare and argue their motion to remand.  See id., Time Sheet for Martin H. Poel, D.M.D., J.D. (dated August 12, 2007) at 1 (Doc. 21-2)("Time Sheet").  Pursuant to D.N.M. LR-Civ. 7 and 54.5, the Plaintiffs have attached Dr. Poel's affidavit, verifying the time and cost records for him to prepare and argue their motion to remand.  See Motion, Affidavit of Martin H. Poel (executed August 13, 2007) at 1-2 (Doc. 21-3)("Poel Aff.").

In their motion, the Plaintiffs pray that the Court issue an order requiring Allstate Insurance Company/Allstate Indemnity Company to pay Dr. Poel $5,684.75.  See Motion at 2.  Randall Roberts, the attorney for Defendant/Counterclaimant State Farm Insurance Companies, stated that he had no standing to concur or dispute the Plaintiffs' billing statements.  See Notice of Allstate's Failure to Concur, filed August 21, 2007 (Doc. 24).  Ripley Harwood, Allstate's attorney, returned the Plaintiffs' requests for concurrence on August 21, 2007.  See id.  He reserved the right to challenge the billing statement until his response to the Plaintiffs' motions.  See id.

On August 21, 2007, the Plaintiffs filed, pursuant to D.N.M. LR-Civ. 7.1(a), a Notice of Allstate's Failure to Concur, giving notice of Allstate's failure to concur with the billing statement attached to the Plaintiffs' motions for attorney's fees and for the taxation of costs.  See id.  On August 24, 2007, Allstate filed its response (Doc. 26), attaching an affidavit from Lawrence H. Hill of Civerolo, Gralow, Hill & Curtis P.A. in Albuquerque, New Mexico.  See Putative Third-Party

Defendant's Response to Motion to Tax Fees and Costs (Doc. 21), filed August 24, 2007 (Doc. 26)("Response"), Exhibit A, Affidavit of Lawrence H. Hill, Esq. ¶ 1, at 1 (executed August 23, 2007)("Hill Aff.")(Doc. 26-2). Mr. Hill is a full-time practicing lawyer, licensed to practice law in the State of New Mexico's state and federal courts since 1973. See id. ¶ 2, at 1. Mr. Hill's practice is entirely trial-oriented personal injury or property damage claims, and he usually represents the defendant in such claims. See id. Mr. Hill also attached his resume to the affidavit. See Response, Exhibit A, Resume of Lawrence H. Hill at 5-8 (Doc. 26-2).

Mr. Hill states that, in his opinion, Dr. Poel's amount of attorney's fees is unreasonable. See Hill Aff. ¶ 4, at 2. It is Mr. Hill's further opinion that a reasonable attorney fee is approximately $2,700.00 to $3,500.00, plus costs and applicable taxes. See id. While Mr. Hill states that Dr. Poel's fee should not exceed a total figure of somewhere between $2,700.00 and $3,500.00, plus costs and applicable taxes, and while Allstate requests that the Court grant Dr. Poel's motion to tax attorneys fees and costs only to the extent set forth in Mr. Hill's affidavit, in the end, Allstate chose the figure at the low end of that range and now asks that the Court award fees of $2,700.00 plus costs. See Response at 2.

In the Plaintiffs' Reply to Third Party Defendant Allstate's Response to Petitioners' Motion to Tax Attorney Fees, filed September 4, 2007 (Doc. 28)("Reply"), the Plaintiffs represent, pursuant to D.N.M. LR-Civ. 7.6(a), that, after reading Mr. Hill's affidavit, they contacted Mr. Harwood in an attempt to negotiate a compromise for the amount of attorney fees to be paid relative to the Plaintiffs' motion to tax attorney's fees. See Reply at 1. Both sides agreed that Allstate would pay $3,300.00 in attorney's fees. See Reply, E-mail from Dr. Martin H. Poel to Mr. Rip Harwood (dated August 30, 2007)("I have attached a proposed order memorializing the agreement for payment of

$3[,]300 for attorney fees."); E-mail from Rip Harwood to Dr. Martin H. Poel (dated August 30, 2007)("My client has agreed to offer the all-inclusive total of $3[,]300, in compromise of your attorneys fee petition.")(Doc. 28-2).

The Plaintiffs contend that, after reading the proposed order that the Plaintiffs presented on August 30, 2007, Allstate reneged upon the agreed-upon attorney fees. See Reply at 1. The Plaintiffs thus consider the agreement to accept $3,300.00 as payment for attorney fees assessed in prosecuting Allstate's removal as null and void. See id. at 2. Rather, however, than waste the Court's time arguing their original bill for attorney fees, and in the spirit of compromise, the Plaintiffs have accepted Mr. Hill's suggested hourly rate of $170.00 per hour rather than the contractual hourly rate of $200.00 per hour. See Contract between Dr. Poel and Mark and Peggy Wiatt (dated November 20, 2007). The Plaintiffs then filed a reply and agreed to lower its fee request. See Reply at 2. The Plaintiffs attached to their reply a new bill. See Time Sheet for Martin H. Poel, D.M.D., J.D. (dated September 1, 2007)(Doc. 28-4)("Time Sheet").

The Plaintiffs attempted to get concurrence on an order for Allstate to pay $5,190.20 in attorney's fees. On September 1, 2007, the Plaintiffs e-mailed to Mr. Harwood the Reply and its attachments for Allstate's concurrence. See Reply at 2. Allstate refused to concur. See id. The Plaintiffs ask the Court to order Allstate to pay $5,190.20 in attorney's fees. See id. On August 4, 2007, pursuant to D.N.M. LR-Civ. 7.1(b) and 7.3(b), the Plaintiffs filed a Notice of Completion of Briefing. See Doc. 29.

**ANALYSIS**

The Plaintiffs contend that Allstate, "apparently, [is] no more credible in dealing with the Court system than [it is] in dealing with [its] insured." Reply at 1; E-mail from Mr. Rip Harwood

to Dr. Martin H. Poel ("You do not have my concurrence for filing any of this with the court. The offer was an all-inclusive $3,300; not $3,300 plus your additional $107.12."). The Court need not, however, decide whether Allstate is credible or whether there was a prior meeting of the minds on the fees. It is sufficient for the Court to note that no one is asking the Court to enforce the prior agreement, and the Court must decide the motion as if there was no agreement.

The Plaintiffs note that the only difference in the number of hours that Dr. Poel billed and the twenty hours to which Allstate agreed to in the compromise agreement, and allegedly reneged upon, is the seven hours it took Dr. Poel to drive back and forth to Albuquerque for the July 20, 2007 hearing for Allstate's removal to the federal court. See Reply at 2. The Plaintiffs specifically remind the Court that they filed their Petition for Declaratory Judgment so that the suit would be heard in Las Cruces state court. See id. The only reason that Dr. Poel needed to take a day off from work is because of Allstate's removal. See id. There thus does not appear to be any reason not to award Dr. Poel his fee for the time that he spent traveling to and from Albuquerque for the hearing. See Memorandum Opinion and Order, filed March 24, 2008 (Doc. 31).

A review of Dr. Poel's billing entries indicate that he uses block billing in quarter-hour minimum incremental billing. See Time Sheet. Allstate argues that the Court should disallow Dr. Poel's billing as improper.

It is true that Dr. Poel's statement for services is reported in block billing where multiple tasks are billed as a single unit. Many insurance companies and some courts do not consider block billing to be a permissible billing technique. See In re Washington Public Power, 779 F.Supp. 1073, 1096 (D.Ariz. 1990)(stating that "[o]ne of the greatest difficulties encountered in analyzing the reasonableness of time spent by counsel on their diverse activities stemmed from the almost routine

practice of listing multiple undertakings and attributing a single amount of time to them. The practice is improper and could result in the disallowance of applicants' requested payments."), partially vacated on other grounds, 19 F.3d 1291 (9th Cir. 1994); S.T.N. Enterprises, 70 B.R. 823, 832 (Bkrtcy. D. Vt. 1987)("This court will summarily disallow time for discrete legal services merged together in the application for fees."). The Court is not convinced, however, that block billing is necessarily or always unreasonable, and will not reject Dr. Poel's billing solely because he employed that system for the limited work that he did in federal court. Block billing in this limited matter does not make it impossible for the Court to determine what tasks are related to what issues, does not reveal that any work was duplicative, and suggests that Dr. Poel billed his tasks in a reasonable fashion.

Allstate also complains that Dr. Poel has inadequately supported, by affidavit or otherwise, how his bill was calculated. See Hill Aff. ¶¶ 5-7, at 2-4. Dr. Poel filed an affidavit, however, with sufficient factual basis to support his motion for costs and his motion for fees. See Poel Aff (executed August 13, 2007). While there is some difficulty in assessing the basis for Dr. Poel's hourly fee, it is not impossible. Although the affidavit submitted does not state the basis for the hourly rate he seeks, and the affidavit does not state with detail how the bill was calculated, the Court can, with relative ease, calculate his hourly rate and approximate how he got to the amount that he seeks.

Mr. Hill also notes that the amount claimed in the motion for fees and the amount billed to the client as fees are different. See Hill Aff. ¶ 5, at 2. While it is difficult to determine why Dr. Poel's billed fee is $5,891.87 and he seeks less in his motion, that discrepancy does not alone undermine the amount sought. The affidavit and the bill sufficiently outline the factual basis for the

sought fee, and there is no sound basis for the Court to reduce the award under <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).

Allstate also contends that Dr. Poel's $200.00 per hour rate is unreasonable. <u>See</u> Response at 1. Allstate contends that prevailing rates in the community for insurance-litigation work are in the range of $150.00 to $170.00 per hour, not the $200.00 per hour that Dr. Poel is billing. <u>See</u> Hill Aff. ¶ 5, at 2. While Dr. Poel has already decided to reduce his fee claim by using the $170.00 hourly rate, <u>see</u> Reply at 2, the Court will analyze the higher rate to determine whether the overall fee request is reasonable.

The Court is familiar, both from its years as a practicing lawyer and in reviewing fee applications, with the usual and customary professional fees charged in the jurisdiction. The Court is familiar with insurance hourly rate for experienced attorneys reaching $200.00, and that the dynamics and economics of being a plaintiff personal-injury attorney are different than those for attorneys who represent claims against insurance companies. The Court sees and has approved many plaintiff fee claims for $200.00 or above. <u>See</u> <u>Applied Capital, Inc. v. Gibson</u>, No. CIV-05-0098 JB/ACT, 2007 WL 709054 at * 3 (D.N.M. January 30, 2007)(Browning, J.)(approving hourly rate of $210.00 for commercial litigation dispute); <u>Allahverdi v. Regents of University of New Mexico</u>, No. CIV05-0277JB/DJS, 2006 WL 1304874 at * 2 (D.N.M. April 25, 2006)(finding hourly rate of $225.00 reasonable)(citing <u>Kelley v. City of Albuquerque</u>, Case No. CIV 03-507 JB/ACT, Memorandum Opinion and Order at 26, filed October 24, 2005 (Doc. 117)(D.N.M.)(Browning, J.) (finding $250 per hour to be a reasonable rate)). The Court believes that Dr. Poel's rate of $200.00 is reasonable.

It may be true that personal injury lawyers rarely charge an hourly rate and are therefore not

as experienced with the prevailing hourly charges for defense work as are defense lawyers. See Hill Aff. ¶ 5, at 2 (stating that "plaintiff personal injury lawyers rarely charge an hourly rate and are therefore inexperienced with the prevailing hourly charges."). While Dr. Poel is not an active member of the Federal Bar, see id., he appears to have enough experience to fit his rate reasonably within the range of rates, both for hourly rates and contingency cases, for the Court to evaluate his fee claim as reasonable. Also, while, based on a review of the pleadings, the legal and factual issues before the Court appear to be usual and often-confronted by insurance and personal injury litigation counsel, with no unusual or difficult application of legal principles to suggest that some premium above the usual and customary fees should apply, the Court does not believe that the $200.00 hourly rate is unusual or extraordinary in this District.

The Court agrees with Mr. Hill that reasonable billing rates are usually and best based on a tenth of an hour increments. See Hill Aff. ¶ 6, at 3 (stating that it is Mr. Hill's opinion "that reasonable billing rates are based on tenth of an hour increments."). Dr. Poel's billing suggests that it is based a quarter of an hour minimum billing. While the Court would prefer to see tenth of an hour increments used in fee claims, it cannot say that other methods of billing are unreasonable per se.

Many litigant insurance companies and corporations do not permit their contract attorneys to use a minimum billing increment of a quarter of an hour. Moreover, many routine tasks, such as telephone calls and review of letters, can be completed in less than fifteen minutes. A minimum increment of fifteen minutes may unreasonably inflate the proposed attorney fee. See S.T.N. Enterprises, 70 B.R. at 832 (stating that time "may not be billed in increments greater than one tenth of an hour for professional services"). Nevertheless, the Court does not believe, after a review of

Dr. Poel's billing statement, that his use of quarter-hour increments has -- so far in this case -- resulted in an unduly inflated bill for the limited work to date.

The Plaintiffs note that, in light of Allstate's bad-faith negotiation, Dr. Poel has also added the hourly billing required to negotiate the agreement that Allstate allegedly reneged and to file a Reply.  See Reply at 2.  Again, the Court need not decide whether Allstate negotiated in good faith. It is sufficient for the Court to say that Dr. Poel is entitled to the fees incurred for trying to negotiate a resolution to this dispute.

The Court has reviewed rule 16-105 of the New Mexico Rules of Professional Conduct, and concludes that Dr. Poel has billed a reasonable attorney fee based on a reasonable hourly rate for resisting removal.  See N.M.R.A. 16-105.  Whether the Court deals with the issues one at a time, or takes a comprehensive look at the overall request, the Court concludes that the request is reasonable. Accordingly, the Court will award the fees that Dr. Poel requests.

**IT IS ORDERED** that the Plaintiffs' Motion to Tax Attorney Fees is granted. Defendants/Counterplaintiffs/Third-Party Defendants shall pay the Plaintiffs $5,190.20 for the Plaintiffs' attorneys fees incurred in responding to the removal.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

Dr. Martin H. Poel
Las Cruces, New Mexico

       *Attorneys for the Plaintiffs/*
         *Counterdefendants/Third-Party*

  *Plaintiffs*

Randal W. Roberts
Albuquerque, New Mexico

  *Attorney for Defendant State Farm*
   *Insurance Company*

Ripley B. Harwood
Ripley B. Harwood, P.C.
Albuquerque, New Mexico

  *Attorneys for Third-Party Defendants*